IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

In re: ALFRED BOURGEOIS,   §
     Movant,   §
vs.   §  No. 18-40270
  §
United States of America,   §
     Appellee.

UNITED STATES UNOPPOSED MOTION FOR AN ADDITIONAL
15-DAY EXTENSION OF TIME TO FILE APPELLEE'S RESPONSE
TO MOVANT'S MOTION FOR AUTHORIZATION TO FILE A
SUCCESSIVE PETITION UNDER 28 U.S.C. § 2255

The United States of America, Plaintiff-Appellee, by the United States Attorney for the Southern District of Texas, respectfully moves for an unopposed 15-day extension of time, to and including May 31, 2018, to respond to Movant Alfred Bourgeois' "Motion for Order Authorizing the Southern District of Texas to Consider a Successive Petition Under 28 U.S.C. § 2255."

1.     On March 27, 2018, Bourgeois filed a second or successive petition in the district court, pursuant to 28 U.S.C. § 2255, arguing that he is intellectually disabled/mentally retarded and that, based on the Supreme Court's holding in *Atkins v. Virginia,* 536 U.S. 302 (2002), his

1

execution is categorically barred under the Eighth Amendment. (D.Ct. Docket 682). Bourgeois contemporaneously moved in this Court, on March 28, 2018, for authorization to file a successive petition in the district court, pursuant to 28 U.S.C. § 2244(b)(3)(C) and 28 U.S.C. § 2255(h)(2).

2. The United States' response was originally due on April 16, 2018, approximately two weeks after Bourgeois filed his motion, and this Court granted the undersigned a 30-day extension of time to respond to Bourgeois' motion. As indicated in the preceding request for extension, the lead appellate AUSAs on Bourgeois' capital murder prosecution and sentencing, on his direct criminal appeal and the initial § 2255 petition, as well as at the comprehensive 2010-2011 evidentiary hearings/determinations, were AUSAs Tony Roberts and Mark Dowd, both of whom are no longer employed by the U.S. Attorney's Office for the Southern District of Texas. This case was reassigned to the undersigned on April 3, 2018, and the United States' response is at present due on extension on May 16, 2018.

3.     Mr. Abreu, counsel for Bourgeois, is unopposed to the undersigned's request for an additional 15-day extension.  At present, no execution date has been scheduled.

4.     The undersigned's request for extension is not for purposes of delay.  The district court record in this case (No. 2:02-cr-216 and No. 2:07-cv-223) is both voluminous and procedurally and factually complex.  Bourgeois was convicted of capital murder and was sentenced to death on March 24, 2004, in *United States v. Alfred Bourgeois,* No. 2:02-cr-216, for the murder of his two-and-one-half year old daughter on the grounds of the Corpus Christi Naval Air Station.  This Court affirmed Bourgeois' conviction and sentence on August 25, 2005. *See United States v. Alfred Bourgeois,* 423 F.3d 501 (5th Cir. 2005), *cert. denied,* 547 U.S. 1132, 126 S. Ct. 2020 (2006).

In 2007, Bourgeois timely filed a lengthy and comprehensive petition seeking collateral relief, pursuant to 28 U.S.C. § 2255.  *See United States v. Bourgeois,* No. 11-70024 at ROA.11-70024.388-474, 475-915, 928-1078, 1079-1164.  In addition to numerous other claims, Bourgeois claimed in his § 2255 that he is a mentally disabled/mentally retarded individual and, accordingly, his execution is prohibited by the

Eighth Amendment, in light of *Atkins v. Virginia,* 536 U.S. at 302. In September 2010, the district court held a comprehensive evidentiary hearing to address a number of issues raised in Bourgeois' § 2255 petition, including his claimed Eighth Amendment violation based on intellectual disability/mental retardation. On May 19, 2011, the district court entered a comprehensive 255-page order denying relief and denied a certificate of appealablity (COA) on all issues raised. *See United States v. Bourgeois,* No. 2:07-cv-223, 2011 W.L. 1930684 (S.D. Tex. May 19, 2011). Pursuant to 28 U.S.C. § 2255(e) and 28 U.S.C. § 2244, Bourgeois subsequently moved this Court for COA on three of the numerous issues he raised, but not including his claimed Eighth Amendment violation in light of *Atkins.* This Court denied Bourgeois a COA by written opinion on August 5, 2013. *See United States v. Bourgeois,* 537 F. App'x 604 (5th Cir. 2013), *cert. denied,* 135 S. Ct. 46 (2014).

5. As noted, the record on appeal in the related appeal, No. 11-70024 is voluminous (i.e., in excess of 6,000 pages), and the issue is complex. The Supreme Court explored its decision in *Atkins* in *Hall v. Florida,* 134 S. Ct. 1986 (2014), and again in *Moore v. Texas,* 137 S. Ct. 1039 (2017), the latter on which Bourgeois bases his request for

4

authorization to file a successive 28 U.S.C. § 2255. These decisions require careful attention. The corollary question is whether Bourgeois meets the statutory prerequisite under 28 U.S.C. § 2255(h)(2), of showing "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The undersigned requests this extension for purposes of conducting a more comprehensive nationwide research. *See, for example, In re Payne,* ___ F. App'x ___, No. 17-6390, 2018 WL 774004 (6th Cir. Feb. 8, 2018) (holding that petitioner did not demonstrate that Supreme Court cases decided after his first habeas petition which addressed intellectual disability in capital cases were new rules of constitutional law that Supreme Court made retroactive to cases on collateral review.).

6.   During the extended period granted by this Court, the undersigned prepared and filed the United States' brief as Appellee in *United States v. Abraham Hernandez,* No. 17-20521, on April 25, 2018, and in *United States v. Aaron Sanchez,* No. 17-40959, on May 10, 2018. The undersigned also reviewed and edited briefs for colleagues prior their filing, extensively participated in the moot court for another AUSA in *United States v. Halverson,* No. 17-40661, for which the undersigned

5

authored the brief and which was argued on May 2, 2018, and attended the Title III continuing legal education in-house training. The undersigned's request for the additional 15-day extension is not made for purposes of delay, but to ensure accuracy, precision, and completeness, in her analysis and briefing.

7. Mr. Victor Abreu, counsel for Bourgeois, is unopposed to this extension request.

For these reasons, the United States respectfully requests that its response date be extended to and including May 31, 2018.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

s/ Paula Offenhauser
PAULA OFFENHAUSER
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Paula C. Offenhauser, hereby certify that on May 14, 2018, an electronic copy of the United States Unopposed Motion for an Additional 15-Day Extension of Time to File Appellee's Response to Movant's Motion for Authorization to File a Successive Petition Under 28 U.S.C. § 2255 was served by notice of electronic filing via the Court's CM/ECF system upon opposing counsel, Mr. Victor J. Abreu.

<u>s/ Paula C. Offenhauser</u>
PAULA C. OFFENHAUSER
Assistant United States Attorney

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 995 words, excluding any part exempted by Fed. R. App. P. 27(a)(2)(B).

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook, 14-point font for text and 12-point font for footnotes.

3. This document complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because it has been redacted of any personal data identifiers.

4. This document complies with the electronic submission of 5th Cir. R. 25.2.1, because it is an exact copy of the paper document.

5. This motion has been scanned for viruses with the most recent version of McAfee Endpoint Security scanning program and is free of viruses.

<u>s/ Paula C. Offenhauser</u>
PAULA C. OFFENHAUSER
Assistant United States Attorney