No. 18-40270

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

In re:  ALFRED BOURGEOIS,
Movant,
v.

UNITED STATES OF AMERICA,
Appellee.

_____

On Appeal from the United States District Court
For the Southern District of Texas
Corpus Christi Division, No. 2:02-CR-2016 and No. 2:07-CV-223

_____

UNITED STATES' OPPOSITION TO MOTION FOR LEAVE TO FILE
SUCCESSIVE 28 U.S.C. § 2255 PETITION IN THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

_____

RYAN K. PATRICK
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

PAULA C. OFFENHAUSER
Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
713-567-9102

ATTORNEYS FOR APPELLEE

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................i

    I.    Introduction and Summary ...................................................2

    II.    Procedural History ..............................................................3

    III.    28 U.S.C. §§ 2255(h)(2), 2244(b)(3)(A) and (b)(3)(C) ............11

    IV.    The Supreme Court has not made *Moore v. Texas*, 137 S. Ct. 1039 (2017), retroactively applicable to cases on collateral review. ................................................................14

    V.    Bourgeois' *Atkins* claim was presented in his first § 2255 motion, comprehensively addressed at the September 2010 evidentiary hearing, without any limitation on Bourgeois' presentation of evidence, and was decided by the district court on the merits, as shown in the comprehensive order and memorandum entered by the court on May 19, 2011. *Bourgeois,* 2011 WL 1930684 at 22-47. ................................................................................20

    VI.    The United States respectfully requests Bourgeois' Motion for Order Authorizing the Southern District of Texas to Consider a Successive Petition under 28 U.S.C. § 2255 be denied. ................................................................28

CONCLUSION ................................................................................30

CERTIFICATE OF SERVICE ................................................................31

CERTIFICATE OF COMPLIANCE ................................................................32

**TABLE OF AUTHORITIES**

**Cases**                                                                    **Page(s)**

*Atkins v. Virginia,* 536 U.S. 304 (2002) ....................................... 2, 5, 7, 23

*Bell v. Cockrell*, 310 F.3d 330 (5th Cir. 2002) ......................................... 14

*Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997) .......................... 14

*Brumfield v. Cain*, ___ U.S. ___, 135 S. Ct. 2269 (2015) ......................... 7

*Brumfield v. Cain*, 808 F.3d 1041 (5th Cir. 2015) .................................. 24

*Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999) ................................ 28

*Corrao v. United States*, 152 F.3d 188 (2d Cir. 1998) ............................ 23

*Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016) ........................ 27

*Ex parte Briseno*, 135 S.W.3 1 (Tex. Crim. App. 2004) .......................... 19

*Gage v. Chappell*, 793 F.3d 1159 (9th Cir. 2015) ................................... 23

*Goodwin v. Steele*, 814 F.3d 901 (8th Cir. 2014) ................................... 15

*Green v. United States*, 397 F.3d 101 (2d Cir. 2005) ............................. 28

*Hall v. Florida*, ___ U.S. ___, 134 S. Ct. 1986 (2014) ............................ 15

*Ibarra v. Davis,* ___ F. App'x ___, 2018 WL 3045270 & n.4
    (5th Cir. June 19, 2018) (unpublished) ........................................... 24

*In re Alfred Bourgeois,* No. 18-40270 (5th Cir. Mar. 28, 2018) .............. 11

*In re Baptiste*, 828 F.3d 1337 (11th Cir. 2016) ...................................... 27

*In re Cathey*, 857 F.3d 221 (5th Cir. 2017) ........................................... 25

# TABLE OF AUTHORITIES, cont'd

**Cases**                                                      **Page(s)**

*In re Chase*, 804 F.3d 738 (5th Cir. 2015)................................................26

*In re Fields*, 826 F.3d 785 (5th Cir. 2016)................................................13

*In re Henry*, 757 F.3d 1151 (11th Cir. 2014)............................................16

*In re Hartzog,* 444 F. App'x 63 (5th Cir. 2011) (unpublished)...............26

*In re Hires*, 825 F.3d 1297 (11th Cir. 2016)............................................19

*In re Jackson*, 776 F.3d 292 (5th Cir. 2015) ....................................13, 17

*In re Jones*, 830 F.3d 1295 (11th Cir. 2016)............................................27

*In re Lampton*, 667 F.3d 585 (5th Cir. 2012)..........................................13

*In re Payne*, 722 F. App'x 534 (5th Cir. 2018) (unpublished).....15, 16, 18

*In re Simpson,* 555 F. App'x 369 (5th Cir. 2014) (unpublished).............13

*In re Tatum*, 233 F.3d 857 (5th Cir. 2000).......................................12, 18

*In re Thomas*, 225 F. App'x 222 (5th Cir. 2007) (unpublished)........13, 20

*In re Wood*, 648 F. App'x 388 (5th Cir. 2016) (unpublished)..................20

*Kilgore v. Sec'y, Fla. Dep't of Corr.*, 805 F.3d 1301 (11th Cir. 2015) .....16

*Lynch v. Hudson, Lynch v. Hudson, ,* 2:07-CV-948, 2017 WL 3404773
    (S.D. Ohio Aug. 9, 2017).............................................................17

*Moore v. Texas*, 137 S. Ct. 1039 (2017) ...........................................*passim*

*Prieto v. Zook*, 791 F.3d 465 (4th Cir. 2015)..........................................18

# TABLE OF AUTHORITIES, cont'd

**Cases** **Page(s)**

*Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001) ........ 12, 13

*Smith v. Dunn,* 2:13-CV-00557-RDP, 2017 WL 3116937
(N.D. Ala. July 21, 2017) ..................................................... 15, 16

*Tyler v. Cain*, 553 U.S. 656 (2001) ....................................... 16, 17, 18, 26

*United States v. Bourgeois*, 11-70024, 537 F. App'x 604 (5th Cir. 2013),
*cert. denied,* ___ U.S. ___, 135 S. Ct. 46 (2014)
(unpublished) ................................................................. 3, 6, 9, 10

*United States v. Bourgeois,* No. 2:07-CV-222, 2011 WL 1930684
(S.D.Tex., Corpus Christ Div., May 19, 2011) .................... 7, 20, 23

*United States v. Bourgeois*, 423 F.3d 501 (5th Cir. 2005), *cert. denied,*
547 U.S. 1132 (2006) ............................................................ 3, 4

*United States v. Card*, 220 F. Appx. 847 (10th Cir. 2007)
(unpublished) ......................................................................... 28

*United States v. Johnson*, 619 F.3d 469 (5th Cir. 2010) ........................ 13

*United States v. Quintero*, 451 F. App'x 408 (5th Cir. 2011) ................. 18

*Washington v. United States*, 868 F.3d 64 (2d Cir. 2017) ..................... 23

*White v. United States*, 371 F.3d 900 (7th Cir. 2004) ........................... 28

*Williams v. Kelley*, 858 F.3d 464 (8th Cir. 2017) ........................ 15, 17, 25

*Williams v. Thalor*, 602 F.3d 291 (5th Cir. 2010) ................................. 26

# TABLE OF AUTHORITIES, cont'd

**Statutes and Rules**                                                          **Page(s)**

5th Cir. R. 47.5.4. ...................................................................................... 13

18 U.S.C. § 3591(a)(2)(D) ........................................................................ 3

28 U.S.C. § 2241 ...................................................................................... 4

28 U.S.C. § 2244(b) ................................................................................ 25

28 U.S.C. § 2244(b)(1) ............................................................. 3, 26, 27, 28

28 U.S.C. § 2244(b)(2)(A) ................................................................ *passim*

28 U.S.C. § 2244(b)(3)(A) ........................................................ 1, 10, 11, 12

28 U.S.C. § 2244(b)(3)(C) ................................................................ *passim*

28 U.S.C. § 2244(b)(4) ............................................................................ 12

28 U.S.C. § 2253(c)(1)(B) ...................................................................... 25

28 U.S.C. § 2254 ......................................................................... 3, 26, 28

28 U.S.C. § 2254(d)(1) ............................................................................ 25

28 U.S.C. § 2254(i) ................................................................................ 25

28 U.S.C. § 2255 .............................................................................. *passim*

28 U.S.C. § 2255(a) ................................................................................ 11

28 U.S.C. § 2255(d) ................................................................................ 25

28 U.S.C. § 2255(h)(1) .......................................................................... 13

# TABLE OF AUTHORITIES, cont'd

**Statutes and Rules**             **Page(s)**

28 U.S.C. § 2255(h)(2) ................................................................ *passim*

No. 18-40270

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

In re: ALFRED BOURGEOIS,
Movant,
v.

UNITED STATES OF AMERICA,
Appellee.

_____

On Appeal from the United States District Court
For the Southern District of Texas
Corpus Christi Division, No. 2:02-CR-2016 and No. 2:07-CV-223

_____

UNITED STATES' OPPOSITION TO MOTION FOR LEAVE TO FILE
SUCCESSIVE 28 U.S.C. § 2255 PETITION IN THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISRICT OF TEXAS

_____

The United States of America, Appellee, by the United States

Attorney for the Southern District of Texas, opposes Movant Alfred

Bourgeois' (Bourgeois) motion for authorization to file a successive 28

U.S.C. § 2255 motion in the United States District Court for the Southern

District of Texas, Corpus Christi Division, Judge Janice Jack presiding,

pursuant to 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255(h)(2).

## I.

## Introduction and Summary

Bourgeois has moved for leave to file a successive motion for relief under 28 U.S.C. § 2255. Bourgeois grounds his motion on the proposition that the Supreme Court pronounced a new rule of constitutional law made retroactively applicable to cases on collateral review in *Moore v. Texas*, 137 S. Ct. 1039 (2017). Bourgeois has failed to satisfy the gatekeeping requirements of 28 U.S.C. § 2255(h)(2) and § 2244(b)(3)(C) by failing to demonstrate that the Supreme Court's decision in *Moore v. Texas,* ___ U.S. ___, 137 S. Ct. 1039 (2017), established a new rule of constitutional law, made retroactive by the Supreme Court to cases on collateral review, that was previously unavailable. The *Atkins*[1] challenge that Bourgeois raises in his second or successive § 2255 motion, and his supporting evidence, duplicates the *Atkins* claim that Bourgeois presented to the district court in his first § 2255 motion. The district court denied that claim on the merits, after conducting a full and comprehensive hearing without any limitation on Bourgeois' opportunity to present evidence. Section 28 U.S.C. § 2255(h)(2) duplicates 28 U.S.C.

---

[1] *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242 (2002).

§ 2244(b)(2)(A). The mandate under § 2244(b)(1) – that is, "[a] claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed,– applies equally to § 2255(h)(2), notwithstanding Bourgeois' argument to the contrary.

## II.

### Procedural history

On August 25, 2005, this Court affirmed the conviction and death sentence of Movant Bourgeois for murdering his two-year old daughter while on the United States Naval Station in Corpus Christi, Texas, which is within federal jurisdiction *See United States v. Bourgeois,* 423 F.3d 501 (5th Cir. 2005); ROA.11-70024.94-117.[2] On direct appeal, Bourgeois raised four issues:

> (1) A Fifth Amendment claim that the United States failed to allege the required statutory intent elements and aggravating factors in the indictment;
>
> (2) An Eighth Amendment claim challenging the application of the intent element under 18 U.S.C. § 3591(a)(2)(D);

---

[2] The United States includes citations to the record on appeal from this Court's denial of COA in *United States v. Bourgeois,* No. 11-70024, 537 F. App'x 604 (5th Cir. 2013) (unpublished). The record on appeal in No. 11-70024 is cited as "ROA.11-70024." followed by the stamped page number.

(3) A due process claim regarding this Court's delegation of ministerial powers in how and where the sentence of death will be carried out; and

(4) A claim that the aggravating factors alleged in his case were vague and ambiguous and violated the Eighth Amendment.

This Court affirmed, finding that "[t]his is not a close case" and concluding that Bourgeois failed to prove any error in any aspect of his trial. *Id.* at 512. The Supreme Court denied certiorari review on May 15, 2006. *Bourgeois v. United States,* 547 U.S. 1132 (2006). ROA.11-70024.131.

On October 16, 2006, the district court appointed Mr. Victor J. Abreu, Bourgeois' present counsel of record, and Mr. Michael Wiseman, both with the Federal Community Defender Office for the Eastern District of Pennsylvania, Capital Habeas Corpus Unit. ROA.11-70024.138. Through counsel, Bourgeois filed a motion to vacate under 28 U.S.C. § 2255, or in the alternative, under 28 U.S.C. § 2241, with appendices on May 14, 2007, *see* ROA.11-70024.338-474, 477-915, and a supplemental motion with appendices on October 5, 2007, *see* ROA.11-

70024.928-1077, 1079-1065.[3]   Bourgeois raised 14 claims, including that

he is mentally retarded, making him ineligible for execution in light of

*Atkins v. Virginia,* 536  U.S. 304 (2002).[4]   The United States filed its

---

[3] Bourgeois' list of appendices and exhibits are contained in the record on appeal at ROA.11-70024.477-78, 1080, 1477, 2163-64, 2362-90.

[4] The claims raised by Bourgeois were:

(1) Bourgeois is mentally retarded, making him ineligible for execution;

(2) trial counsel ineffectively failed to present evidence of mental retardation at the punishment phase;

(3) Bourgeois' conviction violates due process because the fatal injury occurred outside the territorial jurisdiction of the United States;
(4) trial counsel ineffectively failed to challenge the admissibility of testimony concerning bite marks;

(5) trial counsel ineffectively failed to challenge the admissibility of testimony about digitally enhanced autopsy photographs;

(6) the government *violated Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose that four inmates were promised some benefit for testifying against Bourgeois;

(7) trial counsel labored under a conflict of interest because of representation of clients associated with this case;

(8) the prosecutor engaged in misconduct by making improper argumentative statements at both phases of trial;
(9) trial counsel ineffectively failed to rebut evidence of Bourgeois' indifferent demeanor at trial;

(10) a witness improperly relied on Bourgeois' interactions with counsel as a basis to formulate an adverse opinion about him;

(11) appellate counsel ineffectively failed to advance several claims;

answer and response on October 15, 2008. The United States' response is contained, under seal, in the record on appeal in *United States v. Bourgeois,* No. 2:02-cr-00216, at Docket (Doc.) 442-443. Bourgeois filed his reply with appendices to the United States' answer on June 26, 2009, which is contained in the record at ROA.11-70024.1356-474, 1476-755.[5]

The district court conducted a comprehensive, one-week evidentiary hearing in September 2010. The parties presented and the court considered extensive in-court testimony of medical experts and lay witnesses, telephone conferences, video taped depositions, interrogatories, affidavits, and other documentary evidence related to his *Atkins* claim. Thereafter, the district court issued a detailed 225-page Memorandum, Order, and Final Judgment on May 19, 2011, addressing each of Bourgeois' fourteen issues and denying Bourgeois relief under 28

---

(12) the cumulative effect of the claimed errors resulted in a constitutional violation; and

(13) the method by which the government would carry out Bourgeois' execution violates the Constitution.

*See United States v. Bourgeois,* 537 F. App'x 604, 610 n. (5th Cir. 2013), *cert. denied,* ___ U.S. ___, 135 S. Ct. 46 (2014).

[5] Bourgeois filed additional supplemental and amended motions relating to claim of ineffective assistance and remaining issues. *See, e.g.,* ROA.11-70024.4436-512, 4723-792, 5960-6061.

U.S.C. § 2255. ROA.11-70024.5735-960, 5965, 6069; *see United States v. Bourgeois,* No. 2:07-CV-222, 2011 WL 1930684 (S.D.Tex., Corpus Christ Div., May 19, 2011).

Regarding Bourgeois' claim of mental retardation, now referred to as intellectual disability, *Brumfield v. Cain,* ___ U.S. ___, 135 S. Ct. 2269, 2247 n. 1 (2015)), and ineligibility for the death penalty, the district court conducted a comprehensive analysis based on the standard promulgated in *Atkins v. Virginia,* 536 U.S. at 304. *See Bourgeois,* 2011 WL 1930684, at 21-47. The district court explored each of the three part *Atkins* test, including: (1) sub-average intelligence, as measured by objective standardized IQ tests, *id.* at 25-31; (2) significant limitation in adaptive skills within the medical community diagnostic framework, *id.* at 31-44, that is assessment testing, *id.* 33-39, that is, adaptive deficits in the conceptual domain, *id.* at 40-42, practical domain, health and safety, *id.* 42-43, and social domain, social/interpersonal skills, *id.* at 43-44; and (3) manifestation of limitations before age 18, *id.* 44. In conjunction with the Bourgeois' *Atkins* claim, the district court considered and addressed Bourgeois' claim of ineffective assistance of counsel for failing to develop evidence of his mental retardation at the time. *Id.* 44-46. The court

formally found Bourgeois had been afforded a full and fair opportunity to show whether mental retardation precludes his execution. Referring directly to *Atkins,* the district court found that, "Bourgeois' intellectual and adaptive functioning, while possibly low, does not bear the characteristics that would render his sentence a cruel and unusual punishment," and that Bourgeois had not shown by a preponderance of the evidence that he is mentally retarded. *Id.* at 46.

For Bourgeois' *Atkins* claim and each of the other claims that he presented in his first § 2255 motion, the district court found "no error invalidating Bourgeois' capital conviction or death sentence." *Id.,* at *111. The court found that Bourgeois "failed to show that his sentence was imposed in violation of the laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[;]" and that "his claims do not merit section 2255 relief." *Id..* The district court additionally found that Bourgeois had "not shown that this Court should authorize any issue for appellate review" and denied a certificate of appealability (COA) of any issue for consideration by the Fifth Circuit. *Id.,* at *111.

Following Bourgeois' filing, and the district court's ensuing denial, of a motion to alter or amend judgment, ROA.11-70024.5969-6061, ROA.11-70024.6062, Bourgeois filed a notice of appeal on August 15, 2011, ROA.11-70024.6063. Bourgeois asked this Court to grant a COA limited to the following three issues presented in his § 2255 petition:

1. the district court erred in dismissing, without an evidentiary hearing, his claim that trial counsel were ineffective for failing to challenge jurisdiction;

2. trial counsel were ineffective at both phases of trial for filing to present available expert testimony to rebut the government's assertion that JG was sexually assault;

3. trial counsel provided ineffective assistance during the punishment phase by failing to pursue and present mitigating evidence of his life history of abuse, neglect and abandonment, personality disorder, cognitive deficits, and the combined impact of his mental-health problems.

*United States v. Bourgeois,* 537 F. App'x 604, 610 (5th Cir. 2013) (unpublished).

This Court denied Bourgeois' request for a COA on August 5, 2013, making comprehensive and detailed findings with respect to each of those issues. *See, id.* at 611-17 (Issue 1), 617-31 (Issue 2), and 631-65 (Issue 3); *see also United States v. Bourgeois,* No. 11-70024, 2012 WL 2884266 (July 9, 2012) (Brief of the United States). This Court concluded that Bourgeois

"ha[d] not made a substantial showing of the denial of a constitutional right[, that] the issues he presents were inadequate to deserve encouragement to proceed further, and [that] no reasonable jurist could debate the district court's assessment of his claims." *Id.* at 665. The Supreme Court denied Bourgeois' petition for writ of certiorari (No. 13-8397) on October 6, 2014. *Bourgeois v. United States,* ___ U.S. ___, 135 S. Ct. 46 (2014).

In its decision entered on August 5, 2013, this Court expressly found that Bourgeois did not request a COA of the remaining claims his raised in his § 2255 petition. *Bourgeois,* 537 F. App'x at 610 n.17. Accordingly, Bourgeois did not request a COV for his *Atkins* claim, nor on appeal did he challenge the factual findings and legal determinations the district court made with respect to that claim.

On March 27, 2018, well over four years later, Bourgeois instead filed in the district court a "Second Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255" for purposes of re-litigating his *Atkins* claim. *United States v. Bourgeois,* No. 2:02-cr-00215, Doc. 682. On March 28, 2018, pursuant to 28 U.S.C. § 2244(b)(3)(A), Bourgeois moved this Court for an "Order Authorizing the Southern District of Texas to Consider a

Successive Petition under 28 U.S.C. § 2255." *In re Alfred Bourgeois,* No. 18-40270 (5th Cir. Mar. 28, 2018). In this motion, Bourgeois acknowledges that he previously raised the claim "that he was intellectually disabled and his death sentence was unconstitutional pursuant to *Atkins,"* and that the district court denied his claim on the merits. Appellant Motion, No. 18-40270 at 4. Bourgeois, however, claims that *Atkins* was unavailable, based on the Supreme Court's recent decision in *Moore v. Texas,* ____ U.S. ___, 137 S. Ct. 1039 (2017). He contends that, because *Atkins* is a new rule of constitutional law made retroactively applicable to cases on collateral review, he satisfies the exception to the re-litigation bar of 28 U.S.C. § 2255(h)(2) and requests this Court to certify his second or successive § 2255(a) motion filed with the district court.

III.

<u>28 U.S.C. §§ 2255(h)(2), 2244(b)(3)(A) and (b)(3)(C)</u>

Pursuant to 28 U.S.C. § 2255(h)(2) and § 2244(b)(3)(A), (b)(3)(C), Bourgeois requests that this Court certify his "Second Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255," filed on March 27, 2018. *See Bourgeois,* No. 2:02-cr-00215, Doc. 682. Bourgeois asserts that, on May

11

28, 2017, the Supreme Court issued its decision in *Moore v. Texas,* 137 S. Ct. 1039 (2017), and "invalidated this Circuit's approach to determining eligibility for *Atkins* relief, thereby making the rule articulated in *Atkins* available for the first time." Appellant Motion, No. 18-40270, at 4, 27-28. Bourgeois reason that, "even though *Atkins* had been decided prior to his initial motion and he raised an *Atkins* claim in that motion," … "the new rule established by *Atkins* was functionally unavailable to him because the District Court employed Fifth Circuit precedent that required the use of nonclinical standards which excluded all but the more severely intellectually disabled individuals from relief." Appellant Motion, No. 18-40270, at 34.

Section 28 U.S.C. § 2255 incorporates the provisions under 28 U.S.C. § 2244(b)(3)(A), (b)(3)(C), and (b)(4). *Reyes-Requena v. United States,* 243 F.3d 893, 906 (5th Cir. 2001). Under § 2244(b)(3)(A), Bourgeois "must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion." *In re Tatum,* 233 F.3d 857, 858 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(C), this Court may authorize the filing of a second or successive § 2255

motion under § 2255(h)(2)[6] "only if the movant makes a prima facie showing that his claims rely upon 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *In re Jackson,* 776 F.3d 292, 293-94 (5th Cir. 2015); *In re Fields,* 826 F.3d 785, 786 (5th Cir. 2016); *In re Lampton,* 667 F.3d 585, 590 (5th Cir. 2012). Accordingly, Bourgeois "must make a prima facie showing that: (1) his claim has not previously been presented in a prior application to this court; (2) his claim relies on a decision that stated a new, retroactively applicable rule of constitutional law that was previously unavailable to him; and (3) he is mentally retarded." *In re Thomas,* 225 F. App'x 222, 223-24 (5th Cir. 2007) (unpublished).[7] "A 'prima facie showing' is 'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.' *In re Simpson*, 555 F. App'x 369, 371 (5th Cir. 2014) (unpublished) (quoting *Reyes-Requena,* 243

---

[6] The other exception recognized by 28 U.S.C. § 2255(h)(1) is, "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found movant guilty of the offense." Bourgeois does not make any such claim.

[7] Unpublished cases from this circuit "are not controlling precedent, ... [but] may be considered persuasive authority." *United States v. Johnson*, 619 F.3d 469, 473 n. 3 (5th Cir. 2010); 5th Cir. R. 47.5.4.

F.3d at 899 (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

IV.

<u>The Supreme Court has not made *Moore v. Texas,* 137 S. Ct. 1039 (2017), retroactively applicable to cases on collateral review.</u>

Bourgeois claims that he meets the requirements of § 2255(h)(2) because *Atkins* created a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. Appellant Motion, No. 18-40270, at 28. Although this Court has determined that *Atkins* is retroactively applicable to cases on collateral review, *see Bell v. Cockrell,* 310 F.3d 330, 332 (5th Cir. 2002), it has not determined whether *Moore v. Texas,* 137 U.S. at 1039, establishes a new rule of constitutional law made retroactively applicable by the Supreme Court to cases on collateral review. This is the issue underlying Bourgeois' motion to certify his second or successive § 2255 motion.

Bourgeois does not argue, or even attempt to argue or show, that *Moore* established a new rule of constitutional law that the Supreme Court made retroactively applicable to cases on collateral review. In fact,

such claim was recently addressed and rejected by the Sixth Circuit in *In re Payne,* 722 F. App'x 534, 537-39 (5th Cir. 2018) (unpublished). The Sixth Circuit joined other circuits in concluding that *Moore* and its predecessor, *Hall v. Florida,* ___ U.S. ___, 134 S. Ct. 1986 (2014), "merely created new procedural requirements that do not amount to 'watershed rules of criminal procedure.'" *In re Payne,* 772 F. App'x at 538; *Williams v. Kelley,* 858 F.3d 464, 474 (8th Cir. 2017) ("[W]e do not agree that *Moore* announced a new rule of constitutional procedure that must be applied in this case.") *Moore* "dealt with the 'procedural requirement[s]' associated with the Texas appellate court's determination of a petitioner's disability*." Smith v. Dunn,* 2:13-CV-00557-RDP, 2017 WL 3116937, at *5 (N.D. Ala. July 21, 2017); *Williams v. Kelley,* 858 F.3d at 473-474 ("In *Moore,* the Court held that a state's authority under *Atkins* to determine who is intellectually disabled is limited in that the state cannot rely on outdated medical guidelines") (citing *Moore,* 137 S.Ct. at 1048-53). *Compare Goodwin v. Steele,* 814 F.3d 901, 904 (8th Cir. 2014) (per curiam) ("Goodwin has not made a prima facie showing that the Supreme Court has held that *Hall* is retroactive."…. "Rather than announce a substantive rule, *Hall* 'created a procedural requirement that

those with IQ test scores within the test's standard of error would have the opportunity to otherwise show intellectual disability.' ") (quoting *In re Henry*, 757 F.3d 1151, 1161 (11th Cir. 2014)); *Kilgore v. Sec'y, Fla. Dep't of Corr.*, 805 F.3d 1301, 1314 (11th Cir. 2015) (*Hall* not retroactive). *Moore* did not expand the class of individuals protected by *Atkins,* nor did it guarantee relief for a new class of individuals not previously protected by *Atkins. Smith v. Dunn,* 2017 2011 WL 1930684 at 3116937, at \*5.

Further, as the Sixth Circuit held in *Payne,* "it is undisputed that the Supreme Court has not expressly made *Moore* and *Hall* retroactive." *In re Payne,* 722 *Id.* at 538. Like the term "made" in 28 U.S.C. § 2244(b)(2)(A), the term "made retroactive to cases on collateral review by the Supreme Court" in 2255(h)(2), "means 'held' and, thus the requirement is satisfied only if [the United States Supreme] Court has held that the new rule is retroactively applicable to cases on collateral review." *Tyler v. Cain*, 553 U.S. at 662. "[T]he Supreme Court is the only entity that can "ma[k]e" a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." *Id.*

16

"[W]hen a movant relies on a new rule of constitutional law to make the showing required under § 2255(h)(2), he 'must point to a Supreme Court decision that either expressly declares the collateral availability of the rule (such as by holding or stating that the particular rule upon which the petitioner seeks to rely is retroactively available on collateral review) or applies the rule in a collateral proceeding.'" *In re Jackson,* 776 F.3d at 293-94 ("considering identical language in § 2244(b)(2)(A) for filing successive state habeas petitions under § 2254, holding that only the Supreme Court can make a new rule retroactive under § 2244(b)(2)(A)") (citing, among other cases, *Tyler v. Cain,* 533 U.S. at 662–63). As at least one district court has held, "[n]owhere in *Moore* does the Court suggests its decision is retroactively applicable to cases pending on collateral review…. No doubt the Supreme Court has the power to declare that *Moore* must be applied retroactively, but it has not done so yet." *Lynch v. Hudson,* 2:07-CV-948, 2017 WL 3404773, at *3 (S.D. Ohio Aug. 9, 2017); *see also Williams v. Kelley,* 858 F.3d at 474 & n.5 ("The observation by Chief Justice Roberts that the Court had crafted 'a constitutional holding,' *Moore,* 137 S.Ct. at 1054, may presage an eventual ruling by the Court that *Moore* will be given a Montgomery-like effect, but that is a

matter for the Court to decide in due course and not by us in the posture in which this case has been presented to us.); *compare Prieto v. Zook,* 791 F.3d 465, 470 (4th Cir. 2015)("Neither we nor the Supreme Court has determined whether *Hall* applies retroactively to cases on collateral review.")

"When seeking leave to file a successive § 2255 motion on the basis of a new rule of constitutional law, a movant must point to a Supreme Court decision that either expressly declares the collateral availability of the rule ... or applies the rule in a collateral proceeding." *United States v. Quintero*, 451 F. App'x 408, 410 (5th Cir. 2011) (unpublished) (citing *In re Tatum,* 233 F.3d at 858; *Tyler v. Cain,* 533 U.S. at 662). As also held in *Payne,* the Supreme Court in *Moore* and *Hall* merely analyzed the application of *Atkins* claims that were properly raised in state post-conviction proceedings and remanded only cases involving previously raised *Atkins* claims for additional consideration in light of *Moore. In re Payne,* 722 F. App'x at 538-39.

Accordingly, Bourgeois does not meet § 2255(h)(2)'s threshold showing that the Supreme Court has made *Moore* retroactively applicable to cases on collateral review. As to Bourgeois' argument that

he has made a prima facie showing of meeting the requirements of § 2255(h)(2) because the *Atkins* rule applies retroactively, Appellant Motion, No. 18-40270 at 2, merely alleging a basis that meets § 2255(h)'s requirements in the abstract only "represent[s] the minimum showing" necessary to file a successive § 2255 motion because, under § 2244(b)(3)(C), the applicant also must make "a prima facie showing that the application satisfies the requirements of this subsection." *In re Hires,* 825 F.3d 1297, 1299 (11th Cir. 2016). Again, Bourgeois does not show that the Supreme Court has expressly made *Moore* retroactive to cases on collateral review. To the extent Bourgeois argues that *Moore* affects this Court's approach in post-*Atkins* cases determining death penalty eligibility, the Court of Criminal Appeals of Texas' use of outdated non-clinical standards for determining intellectual disability claims in *Ex parte Briseno*, 135 S.W.3 1 (Tex. Crim. App. 2004), is not an issue in this federal capital murder case.

V.

> Bourgeois' *Atkins* claim was presented in his first § 2255 motion, comprehensively addressed at the September 2010 evidentiary hearing, without any limitation on Bourgeois' presentation of evidence, and was decided by the district court on the merits, as shown in the comprehensive order and memorandum entered by the court on May 19, 2011. *Bourgeois,* 2011 WL 1930684 at 22-47.

Bourgeois fails to demonstrate that he did not present his *Atkins* claim in a prior application to this court. *In re Thomas,* 225 F. App'x at 223. The record establishes unequivocally that Bourgeois raised his *Atkins* claim in his previous § 2255 motion. S*ee* ROA.11-70024.347-61. The record establishes, and Bourgeois does not dispute, the district court denied his *Atkins* claim on the merits. *Bourgeois,* 2011 WL 1930684 at *22-44.  *Compare In re Wood,* 648 F. App'x 388, 391-92 (5th Cir. May 12, 2016) (unpublished) (court denied Wood's request for authorization to file a successive habeas corpus petition in which Wood asserted an *Atkins* claim on the ground that his *Atkins* claim was available to him before the amended federal petition had been filed. Thus defendant failed to meet the burden of showing *Atkins* was unavailable to him within the meaning of 28 U.S.C. § 2244(b)(2)(A)).

The *Atkins* claim Bourgeois presents in his second § 2255 motion duplicates the *Atkins* claim he raised in his first § 2255 motion. *See Bourgeois,* No. 2:02-cr-00216, Doc. 682. Moreover, the evidence on which he relies to support his claim of intellectual disability and ineligibility for the death penalty duplicates the evidence he presented to the district court at the September 2010 evidentiary hearing and related proceedings.[8] Further, the documentary evidence that Bourgeois

---

[8] *See:*

- ROA.11-70024.6151-75 (telephone conference on December 14, 2009);

- ROA.11-70024.1904-71 (hearing on April 20, 2010);

- ROA.11-70024.1976-95 (telephone conference on May 6, 2010);

- ROA.11-70024.2061-85 (telephone conference on June 7, 2010);

- ROA.11-70024.2087-135 (telephone conference on June 9, 2010);

- ROA.11-70024. 2201-348 (evidentiary hearing on September 10, 2010, including testimony of Dr. Glebort at 2210-82, 2294-348);

- ROA.11-70024.2698-3104 (evidentiary hearing on September 20, 2010, including testimony of: Dr. Swanson at 2704-895; Dr. Weiner at 2895-966; Dr. Toomer at 2697-3075; Kathleen Kaib at 3075-93);

- ROA.11-70024.3403-48 (evidentiary hearing on September 21, 2010, including testimony of: Claudia Williams at 3405-93; Beverly Clayton Frank at 3494-531; Brenda Clayton Goodman at 3532-82; Dr. Mark Douglas Cunningham at 3582-723; Carl Kevin Henry at 3723-64; Donald Reese at 3765-95; Murray Bourgeois at 3796-819; Jon Curtis Daily at 3820-46);

- ROA.11-70024.2395-568, 3849-4170 (evidentiary hearing on September 22, 2010, including testimony of: Elizabeth Ann Johnson at 2395-568; Dr George Walker Holden at 3856-68; Jennifer Valdez at 3872-79; Charles Michael

21

attaches as appendices to his second § 2255 motion were also attached as

appendices to his first § 2255 motion.[9]  As shown by the evidence outlined

---

Bowers at 3881-972; attorney John Gilmore at 3794-4076; Kerry Dion Brown at 4078-99; Timothy Lynn Allen at 4100-04; AFD Gerald Bierbaum at 4105-55);

- ROA.11-70024.3106-3401 (evidentiary hearing on September 23, 2010, including testimony of: Danny Lee Clark at 3109-44; Robert Patterson at 3158-76; William D. Shotts at 3177-306; Carlin Christopher Key at 3208-45; Rhonda Michelle Davis at 3246-92; Dr. Jack Randall Price at 3292-339);

- ROA.11-70024.2569-662, 4171-4413 (evidentiary hearing on September 24, 2010, including testimony of: Jerrilyn Conway at 2571-661; Dr. Jack Randall Prices at 4192-225; Dr. Roger Byron Moore, Jr. at 4236-4412);

- ROA.11-70024.4516-661 (transcript of videotaped deposition of Dr. William Russell Oliver on October 28, 2010);

- ROA.11-70024.4661-705 (transcript of videotaped deposition of Manfred Schenk) on October 28, 2010;

- ROA.11-70024.4869-935 (transcript of videotaped deposition of Dr. Randall Price on November 10, 2010);

- ROA.11-70024.4982-5018 (telephone conference on December 1, 2010);

- ROA.11-70024.6176-82 (telephone conference on December 6, 2010);

- ROA.11-70024.5047-221 (transcript of videotaped video-teleconference of Dr. Jan Edward Leestman on January 10, 2011);

- ROA.11-70024.5226-445, 5579-694 (miscellaneous hearing on January 13, 2011, including testimony of Dr. Rouse at 5228-79; arguments of counsel at 5282-443, including the *Atkins* standard at 5282-5346; testimony of William Edward May, Jr. at 5582-95; James Sales at 5593-620; Debra Hohle at 5621-57; AUSA Booth at 5662-86).

[9] *See* ROA.11-70024.494, 587-604, 616-20, 651-57, 659, 669-71, 673-74, 679-80, 682-83, 685-86,  699-701, 703-04, 706-07, 709-10, 712-13, 733-34, 736-37, 739-43, 745-46, 777-23, 870, 872, 874-77, 884-85, 1493-95.

in footnote 8 herein, the evidentiary hearing that the district court conducted on his previous *Atkins* claim in September 2010 was comprehensive and without any limitation on the time or manner in which Bourgeois could present evidence. The district court fully addressed Bourgeois claim of mental retardation, now "intellectual disability", using the three clinical criteria announced in *Atkins*: (1) significantly sub-average general intellectual functioning, usually defined as an IQ of about 70 or below; (2) accompanied by related limitations in adaptive functioning; (3) the onset of which occurs prior to the age of 18. *Atkins v. Virginia,* 536 U.S. at 318; *Bourgeois,* 2011 WL 1930684 at 22-47.

"[A]fter a § 2255 motion has been decided on the merits, a subsequent § 2255 motion raising a challenge to the same judgment or sentence that was challenged in the prior motion is 'second or successive' within the meaning of § 2255(h)." *Washington v. United States*, 868 F.3d 64, 65 (2d Cir. 2017) (citing *Corrao v. United States,* 152 F.3d 188, 191 (2d Cir. 1998)); *see also Gage v. Chappell,* 793 F.3d 1159, 1165 (9th Cir. 2015) (holding that those cases in which the factual predicate existed at the time of the first habeas petition, "indeed qualify as second or

successive under the AEDPA.) Bourgeois now seeks to relitigate the district court's previous factual determinations and legal conclusions made on his first § 2255 motion, based on the three-part *Atkins* standard and the district court's factual determination as to the reliability and credibility of the competing medical expert witnesses on both sides.

"When 'the district court is faced with testimony that may lead to more than one conclusion, its factual determinations will stand so long as they are plausible—even if we would have weighed the evidence otherwise.'" *Brumfield v. Cain,* 808 F.3d 1041, 1062 (5th Cir. 2015). "This court 'cannot second guess the district court's decision to believe one witness' testimony over another's or to discount a witness' testimony,' and is thus 'reluctant to set aside findings that are based upon a trial judge's determination of the credibility of witnesses.'" *Id.,* at 1057. *Compare Ibarra v. Davis,* ___ F. App'x ___, 2018 WL 3045270, *4 & n.4 (5th Cir. June 19, 2018) (unpublished) (denying a COA on the defendant's *Atkins* claim on the appellate court's finding that "reasonable jurists could not debate that Ibarra's underlying *Atkins* claim, as presented to state courts, has no merit," and thus pretermitting the question whether *Moore v. Texas,* 137 S. Ct. 1039 (2018), is retroactive and provides an

exception to the 28 U.S.C. § 2254(d)(1) relitigation bar and law of the case.)

Bourgeois, who is now represented by the same attorney who represented him on his first § 2255 motion, could have but did not appeal his previous *Atkins* claim or seek a COA on that issue, as required by 28 U.S.C. §§ 2253(c)(1)(B), 2255(d). Bourgeois thus abandoned and waived appellate review of such claim. *Compare, Williams v. Kelley,* 858 F.3d at 472 (holding that, pursuant to 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254," and that defendant's amended petition was a second or successive application subject to the requirements of 28 U.S.C. § 2244(b).

Bourgeois relies on *In re Cathey,* 857 F.3d 221, 227 (5th Cir. 2017), to support authorization a second or successive § 2255. He advances the proposition that his *Atkins* claim was "constrained by Fifth Circuit precedent that made *Atkins* relief functionally unavailable to him." Appellant Motion, No. 18-40270, at 34-35. *Cathey* turns on a procedural distinction. Cathey had not "presented" his *Atkins* claim in his prior

§ 2255 motion and, unlike the State in *Cathey,* the United States strenuously "disputes" any claim or argument that Bourgeois did not litigate his *Atkins* claim in his first § 2255. The district court is not required to entertain a second or successive § 2255 motion raising an *Atkins* claim that was previously litigated and factually rejected by the court on its merits. *Compare In re Chase,* 804 F.3d 738, 739 (5th Cir. 2015) (finding that the "question whether Chase is intellectually disabled and ineligible for execution under *Atkins* was neither presented to nor decided by the district court when it ruled on Chase's first federal habeas petition" and thus granting authorization to file a second habeas corpus motion on that basis). Bourgeois' reliance on *Cathey* is inapt.

Bourgeois incorrectly argues that "the successor bar found in 28 U.S.C. § 2244(b)(1) does not apply to federal prisoners" and may only be applied to claims brought by state prisoners pursuant to 28 U.S.C. § 2254. Appellant Motion, No. 18-40270, at 45-46. Citing to § 2244(b)(1), this Court held in *In re Hartzog* that "[c]laims presented in prior § 2255 motions must be dismissed." 444 F. App'x 63, 64 (5th Cir. 2011) (unpublished) (citing *Williams v. Thalor*, 602 F.3d 291, 302 (5th Cir. 2010); 28 U.S.C. § 2244(b)(1)). The Supreme Court held in *Tylyer v. Cain*

26

that, "[i]f the prisoner asserts a claim *that he has already presented in a previous federal habeas petition*, the claim must be dismissed in all cases." 533 U.S. at 661 (emphasis added) (citing to 28 U.S.C. § 2244(b)(1)). "[I]f the prisoner asserts *a claim that was not presented in a previous petition*, the claim must be dismissed unless it falls within one of two narrow exceptions," one of which is for claims relying on new rules of constitutional law. *Id.* (citing 28 U.S.C. § 2244(b)(2)(A)) (emphasis added)).

Section 2244(b)(2)(A) duplicates § 2255(h)(2). In *In re Jones,* 830 F.3d 1295, 1297 (11th Cir. 2016), the Eleventh Circuit joined other circuits in holding that "§ 2244(b)(1)'s mandate applies to applications for leave to file a second or successive § 2255 motion." *In re Jones* also held "that a prisoner may not file 'what amounts to a motion for reconsideration under the guise of a separate and purportedly 'new' application" when the new application raises the same claim that was raised and rejected in the prior application." *Id.* (citing *In re Baptiste*, 828 F.3d 1337, 1339–40 (11th Cir. 2016); *see Dawkins v. United States,* 829 F.3d 549, 550 (7th Cir. 2016) (holding, because the defendant had already been denied permission to file a successive § 2255 motion based on claim

27

raised, the claim is barred by 28 U.S.C. § 2244(b)(1)); *United States v. Card,* 220 F. Appx. 847, 851 (10th Cir. 2007) (unpublished) ("Under 28 U.S.C. §§ 2244(b)(1) and 2255, a "claim presented in a second or successive habeas corpus application ... that was presented in a prior application shall be dismissed."); *White v. United States,* 371 F.3d 900, 901 (7th Cir. 2004) (rejecting the argument that § 2241(b)(1) applies only to 28 U.S.C. § 2254 cases on the ground that § 2255 contains no provision directly corresponding to § 2244(b)(1); *Green v. United States*, 397 F.3d 101, 102 n. 1 (2d Cir. 2005) (same); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) (same)).

## VI.

<u>The United States respectfully requests Bourgeois' Motion for Order Authorizing the Southern District of Texas to Consider a Successive Petition under 28 U.S.C. § 2255 be denied</u>.

Accordingly, Bourgeois does not meet the requirements of 28 U.S.C. §§ 2255(h)(2), 2244(b)(3)(C), and 2244(b)(1) of showing a prima facie case that his *Atkins* claim has not previously been presented in a prior application to this court. Nor does Bourgeois meet the requirement of making a prima facie showing that *Moore v. Texas* is a new rule of constitutional law, made retroactive by the Supreme Court to cases on

collateral review that was previously unavailable. Bourgeois, having failed to satisfy the requirements of § 2255(h)(2), is not entitled to relitigate his *Atkins* claim in a second or successive § 2255 motion. The issue whether Bourgeois has properly made a showing that he is mentally retarded, now intellectually disabled, is not properly before the district court or this Court. Accordingly, the United States respectfully requests that Bourgeois' Motion for Order Authorizing the Southern District of Texas to Consider a Successive Petition under 28 U.S.C. § 2255 be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny Bourgeois' motion

for leave to file a successive motion for collateral relief.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

CARMEN CASTILLO MITCHELL
Chief, Appellate Division

s/ Paula C. Offenhauser
PAULA C. OFFENHAUSER
Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
713-567-9102

ATTORNEYS FOR APPELLEE

# CERTIFICATE OF SERVICE

I, Paula C. Offenhauser, Assistant United States Attorney, hereby certify that on, June 26, 2018, an electronic copy of the United States' Opposition to Motion for Leave to File Successive 28 U.S.C. § 2255 Petition in the United States District Court for the Southern District of Texas was served by notice of electronic filing via this court's CM/ECF system upon opposing counsel, Mr. Victor Abreu and Mr. Stuart Patchen, Federal Community Defender Office for the Eastern District of Pennsylvania, counsel for Movant.

s/ Paula C. Offenhauser
PAULA C. OFFENHAUSER
Assistant Unit States Attorney

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 5,842 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century School Book, 14-point font for text and 12-point font for footnotes.

3.  This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because it has been redacted of any personal data identifiers.

4.  This brief complies with the electronic submission of 5th Cir. R.25.2.1, because it is an exact copy of the paper document.

5.  This brief has been scanned for viruses with the most recent version of McAfee Endpoint Security scanning program and is free of viruses.

s/Paula C. Offenhauser
PAULA C. OFFENHAUSER
Assistant United States Attorney
