# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT



**Certified as a true copy and issued as the mandate on Aug 23, 2018**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 18-40270

In re: ALFRED BOURGEOIS,

      Movant

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2018

Lyle W. Cayce
Clerk

Motion for an order authorizing
the United States District Court for the
Southern District of Texas, Corpus Christi, to consider
a successive 28 U.S.C. § 2255 motion

Before KING, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Alfred Bourgeois, a federal death-row inmate, asks us to authorize consideration of a successive motion to vacate his death sentence. *See* 28 U.S.C. § 2255(h). In his successive motion, Bourgeois claims that he is constitutionally ineligible for the death penalty because he is intellectually disabled. *See Atkins v. Virginia*, 536 U.S. 304 (2002). While Bourgeois's original motion unsuccessfully raised an *Atkins* claim, he contends that the Supreme Court's decision in *Moore v. Texas*, 137 S. Ct. 1039 (2017), now makes his claim viable.

Bourgeois is barred from relitigating his *Atkins* claim. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus

---

*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.*

application under section 2254 that was presented in a prior application shall be dismissed."[1] By its terms, the provision applies to "second or successive habeas corpus application[s] under section 2254"—the section governing state prisoner habeas applications. But § 2244(b)(1)'s strict relitigation bar is incorporated by 28 U.S.C. § 2255(h), the provision governing federal prisoner's successive § 2255 motions. Section 2255(h) states: "A second or successive motion *must be certified as provided in section 2244* by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new rule of constitutional law. *Id.* § 2255(h) (emphasis added). We have held, in a pair of unpublished decisions, that this cross-reference incorporates § 2244(b)(1)'s strict relitigation bar into § 2255(h)'s scheme. *See In re Hartzog*, 444 F. App'x 63, 64 (5th Cir. 2011) (per curiam); *Montalvo v. Casterline*, 48 F. App'x 480, 2002 WL 31049451, at *1 (5th Cir. Aug. 29, 2002) (per curiam).[2] Every other circuit to take up the question agrees. *See In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016) (per curiam); *Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016) (per curiam); *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015); *In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013) (per curiam); *United States v. Card*, 220 F. App'x 847, 851 (10th Cir. 2007); *Green v. United States*, 397 F.3d 101, 102 n.1 (2d Cir. 2005) (per curiam).

Bourgeois's only rejoinder is unpersuasive. He argues that Congress's express limitation of § 2244(b)(1)'s scope to habeas applications brought "under section 2254" shows that Congress intended for that section to apply only to claims brought by state prisoners. He invokes the canon of *expressio unius est*

---

[1] Bourgeois does not contest that his § 2255 motion is second or successive. Nor does he contest that the *Atkins* claim he currently raises was "presented in a prior application." *See* 28 U.S.C. § 2244(b)(1).

[2] As *Hartzog* and *Montalvo* are unpublished, they are non-precedential but "may be considered persuasive authority." *See United States v. Torres-Jaime*, 821 F.3d 577, 582 (5th Cir. 2016).

*exclusio alterius* ("the expression of one thing implies the exclusion of another") as support. *See Tex. Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 443 & n.96 (5th Cir. 1999); *see also POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2238 (2014) (applying the doctrine).

But the *expression unius* canon is not meant to be mechanically applied. Express provision of one thing only "*implies*" the exclusion of another. *See Tex. Office of Public Util.*, 183 F.3d at 443 & n.96 (emphasis added). Context may indicate that Congress did not wish for an express provision of one thing to work towards the exclusion of another. *See Christensen v. Harris County*, 529 U.S. 576, 583 (2000); *Springer v. Gov't of Phil. Islands*, 277 U.S. 189, 206 (1928) ("Like other canons of statutory construction," *expression unius* "is only an aid in the ascertainment of the meaning of the law, and must yield whenever a contrary intention on the part of the lawmaker is apparent.").

Here, the larger statutory context favors applying § 2244(b)(1)'s strict relitigation bar to federal prisoners. Section 2255(h) does not supply its own procedures for processing successive § 2255 motions. Instead, it cross-references the procedures set forth in § 2244. What is more, "the legislative history does not distinguish between second or successive motions by federal and by state prisoners." *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997), *cited with approval in Reyes-Requena v. United States*, 243 F.3d 893, 898 (5th Cir. 2001). And "it would be odd indeed if Congress had intended to allow federal prisoners to refile precisely the same non-meritorious motions over and over again while denying that right to state prisoners." *In re Baptiste*, 828 F.3d 1337, 1339 (11th Cir. 2016) (per curiam); *see White v. United States*, 371 F.3d 900, 901 (7th Cir. 2004) (invoking a similar sentiment).

As Bourgeois's successive § 2255 motion presents only a single claim that was already presented in his original motion, his request for authorization is DENIED.