# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-40270

————

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2018

Lyle W. Cayce
Clerk

In re: ALFRED BOURGEOIS,

    Movant

————

Motion for an order authorizing
the United States District Court for the
Southern District of Texas, Corpus Christi, to consider
a successive 28 U.S.C. § 2255 motion

————

Before KING, DENNIS, and HIGGINSON, Circuit Judges.

KING, Circuit Judge:

Alfred Bourgeois, a federal death-row inmate, asks us to authorize consideration of a successive motion to vacate his death sentence. *See* 28 U.S.C. § 2255(h). In his successive motion, Bourgeois claims that he is constitutionally ineligible for the death penalty because he is intellectually disabled. *See Atkins v. Virginia*, 536 U.S. 304 (2002). While Bourgeois's original motion unsuccessfully raised an *Atkins* claim, he contends that the Supreme Court's decision in *Moore v. Texas*, 137 S. Ct. 1039 (2017), now makes his claim viable.

Bourgeois is barred from relitigating his *Atkins* claim. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall

be dismissed."[1] By its terms, the provision applies to "second or successive habeas corpus application[s] under section 2254"—the section governing state prisoner habeas applications. But § 2244(b)(1)'s strict relitigation bar is incorporated by 28 U.S.C. § 2255(h), the provision governing federal prisoner's successive § 2255 motions. Section 2255(h) states: "A second or successive motion *must be certified as provided in section 2244* by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new rule of constitutional law. *Id.* § 2255(h) (emphasis added). We have held, in a pair of unpublished decisions, that this cross-reference incorporates § 2244(b)(1)'s strict relitigation bar into § 2255(h)'s scheme. *See In re Hartzog*, 444 F. App'x 63, 64 (5th Cir. 2011) (per curiam); *Montalvo v. Casterline*, 48 F. App'x 480, 2002 WL 31049451, at *1 (5th Cir. Aug. 29, 2002) (per curiam).[2] Every other circuit to take up the question agrees. *See In re Bradford*, 830 F.3d 1273, 1275 (11th Cir. 2016) (per curiam); *Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016) (per curiam); *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015); *In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013) (per curiam); *United States v. Card*, 220 F. App'x 847, 851 (10th Cir. 2007); *Green v. United States*, 397 F.3d 101, 102 n.1 (2d Cir. 2005) (per curiam).

Bourgeois's only rejoinder is unpersuasive. He argues that Congress's express limitation of § 2244(b)(1)'s scope to habeas applications brought "under section 2254" shows that Congress intended for that section to apply only to claims brought by state prisoners. He invokes the canon of *expressio unius est exclusio alterius* ("the expression of one thing implies the exclusion of another")

---

[1] Bourgeois does not contest that his § 2255 motion is second or successive. Nor does he contest that the *Atkins* claim he currently raises was "presented in a prior application." *See* 28 U.S.C. § 2244(b)(1).

[2] As *Hartzog* and *Montalvo* are unpublished, they are non-precedential but "may be considered persuasive authority." *See United States v. Torres-Jaime*, 821 F.3d 577, 582 (5th Cir. 2016).

as support. *See Tex. Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 443 & n.96 (5th Cir. 1999); *see also POM Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228, 2238 (2014) (applying the doctrine).

But the *expression unius* canon is not meant to be mechanically applied. Express provision of one thing only "*implies*" the exclusion of another. *See Tex. Office of Public Util.*, 183 F.3d at 443 & n.96 (emphasis added). Context may indicate that Congress did not wish for an express provision of one thing to work towards the exclusion of another. *See Christensen v. Harris County*, 529 U.S. 576, 583 (2000); *Springer v. Gov't of Phil. Islands*, 277 U.S. 189, 206 (1928) ("Like other canons of statutory construction," *expression unius* "is only an aid in the ascertainment of the meaning of the law, and must yield whenever a contrary intention on the part of the lawmaker is apparent.").

Here, the larger statutory context favors applying § 2244(b)(1)'s strict relitigation bar to federal prisoners. Section 2255(h) does not supply its own procedures for processing successive § 2255 motions. Instead, it cross-references the procedures set forth in § 2244. What is more, "the legislative history does not distinguish between second or successive motions by federal and by state prisoners." *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997), *cited with approval in Reyes-Requena v. United States*, 243 F.3d 893, 898 (5th Cir. 2001). And "it would be odd indeed if Congress had intended to allow federal prisoners to refile precisely the same non-meritorious motions over and over again while denying that right to state prisoners." *In re Baptiste*, 828 F.3d 1337, 1339 (11th Cir. 2016) (per curiam); *see White v. United States*, 371 F.3d 900, 901 (7th Cir. 2004) (invoking a similar sentiment).

As Bourgeois's successive § 2255 motion presents only a single claim that was already presented in his original motion, his request for authorization is DENIED.